## BERRY *v.* ELLIOTT.

The rule adhered to, that where there is a conflict in the evidence, and the evidence is sufficient to sustain the verdict, this court will not reverse the judgment of the circuit court refusing a new trial.

A new trial will not be granted on account of newly discovered evidence, where such evidence is but cumulative and not likely to change the verdict.

Judgment reversed where hearsay evidence was permitted to be given, though there was other legal evidence to the same point.

*Appeal from Independence Circuit Court.*

Hon. RICHARD H. POWELL, Circuit Judge.

BAXTER, BYERS & COX, for appellant.

WATKINS & ROSE, for appellee.

WALKER, C. J.

Berry brought his action of replevin against Elliott for a horse. The case was submitted to a jury, upon the issue of *non*

*cepit*, and property in the defendant, who, after having heard the evidence, found a verdict for the defendant. The plaintiff moved the court for a new trial, which motion was overruled; exceptions were taken, and the case brought into this court by appeal.

The material grounds for a new trial are: first, that the jury found contrary to evidence; second, that the plaintiff, since the trial, had discovered important testimony, which he can upon a new trial obtain; and third, that the circuit court erred in permitting certain evidence to go to the jury over the objection of the plaintiff.

The first ground of objection is not well taken. Without recapitulating the evidence, it may suffice to say, the horse in controversy was, according to the testimony of six or eight witnesses, the same horse owned by the plaintiff and forcibly taken from him in the fall, or first of the winter, of 1863. On the other hand, it was as clearly proven, by nearly or quite as many witnesses, that the horse in controversy, in the year 1862 and 1863, was in the actual possession of and was the property of one Davis, who, in the fall of 1863, sold him to one Tucker, in whose possession he was when Tucker died, and that the same horse was sold in 1864, at the administration sale of Tucker's property, to the defendant, in whose possession he continued to remain until taken under the writ of replevin in this suit.

All the witnesses stand unimpeached, and are alike entitled to credit, as far as this court can know; and it is evident that the jury, who saw and heard them depose, are much better prepared to estimate the credit to be given to them than we could possibly be. In a case turning so much more upon the credit to be given the witnesses, from their demeanor and apparent intelligence, than from the facts deposed, in a conflict of evidence, the court would very rarely, if ever, reverse the decision of the circuit court, who, like the jury, could thus test the credit due to the witnesses, and who refused to grant a new trial. But, independent of this, there was clearly no lack of

evidence to authorize the jury to find for the defendant. And when we consider, as no doubt the jury did, that, unless some five or six witnesses on the side of the defendant swore falsely, the horse in controversy was not in the possession of the plaintiff in 1862 and 1863 ; that both the plaintiff and one Davis, in the years 1862 and 1863, owned and were in the actual possession, each, of a black horse two years old—the one party living in Independence county, the other in Fulton county; that the horse of the plaintiff was taken from him in the fall or first of the winter 1863, and had not been heard of until (as the plaintiff supposes) he found him in the possession of the defendant, in the fall of 1866 ; that the horse owned by Davis in Fulton county was sold to Tucker, kept by him until his death, and, at the sale of his property, bought by the defendant, and been ever since in his possession, until taken in this suit—we repeat, when this is considered, we are not even prepared to say that the weight of the evidence was not with the defendant, but of this we need express no opinion ; it was for the jury to say whether, after the lapse of three years, the plaintiff's witnesses were or not mistaken in supposing this to be the plaintiff's horse, or whether the defendant's witnesses swore falsely, when they stated that Davis, in 1862 and 1863, owned and was possessed of the horse which, it is proven, passed from him, by a regular chain of title, to the defendant, at Tucker's sale, in 1864. In the exercise of their discretion, they have said that the horse in controversy was the defendant's, and we will not disturb their verdict for the lack of evidence to support it.

It is next contended that the motion for a new trial should have been sustained, to let in newly discovered evidence. Conceding that the plaintiff has, in all other respects, brought himself within the rule, when the grounds for a new trial rest upon newly discovered evidence, still, upon the ground that the facts, as disclosed in his affidavit, if proven, would not likely change the verdict of the jury, and upon the additional ground, that the fact stated to have been discovered since the

trial is but cumulative, the verdict should not be set aside, as held by this court in *Burris v. Wise & Hind, 2 Ark., 33; Robins v. Fowler, id., 133.*

The third ground for a new trial was well taken. It was error to permit the witness, "Kiser," to testify what he had heard Davis and Tucker say with regard to the sale of the horse; and, although there was other evidence upon this point, we cannot know what influence this hearsay evidence had upon the minds of the jury. And for this error the judgment must be set aside and a new trial granted.